UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE SMITH,

    Plaintiff,

v.                                                                    CASE NO. 13-cv-10159
                                                   HONORABLE NANCY G. EDMUNDS
D. EARLY,

    Defendant.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

Eddie Smith ("Plaintiff") is a state prisoner at St. Louis Correctional Facility in St. Louis, Michigan.  He recently filed a *pro se* civil rights complaint for money damages under 42 U.S.C. § 1983.  D. Early ("Defendant") is employed by the Michigan Department of Corrections as a correctional officer at the St. Louis facility.

The complaint and exhibits allege that, on February 23, 2012, Plaintiff pushed a "callout" button to notify prison staff that he had an appointment in the prison library.  Defendant responded by opening Plaintiff's cell door slightly.  Plaintiff grabbed the edge of the door to open it further, but the door slammed shut with Plaintiff's hand lodged between the door and the door frame.  He could not free his hand until the door was re-opened.  He realized then that he needed medical attention, but Defendant laughed at him and instructed him to wash his hand and to apply a bandage.  Another correctional officer recognized that Plaintiff needed medical attention, and Plaintiff ultimately received four sutures on one finger.

Plaintiff claims that Defendant violated his rights under the Eighth Amendment by injuring his hand and finger and denying him medical attention.

## II. Standard of Review

Due to Plaintiff's indigence, the Court has granted him permission to proceed without prepayment of the fees and costs for this action. Under 28 U.S.C. §§ 1915(e)(2) and 1915A, if a prisoner's "civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief." *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), conclusory statements will not suffice, and only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555-56). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). To state a claim for relief under § 1983, the plaintiff must establish that he or she was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was caused by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III. Discussion

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, "and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Among other things, prison officials must ensure that inmates receive adequate medical care and "take reasonable measures to guarantee the safety of the inmates." *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)). Nevertheless,

> a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious;" a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities" . . . .
>
> The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety . . . .
>
> . . . .
>
> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 834, 837 (citations omitted). In other words, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take

3

reasonable measures to abate it." *Id.* at 847.

Plaintiff's injury, which required four sutures, was "sufficiently serious" to satisfy the first prong of an Eighth Amendment claim. But the complaint and exhibits indicate that the injury was accidental and unintentional, not the result of a culpable state of mind or deliberate indifference to Plaintiff's health or safety.

The remaining question is whether Defendant violated Plaintiff's Eighth Amendment rights by depriving him of medical attention after he injured his hand. As noted above, when Plaintiff showed his injured hand to Defendant, Defendant allegedly laughed at Plaintiff and told him to wash his hand and put a bandage on it. Although Plaintiff ultimately received sutures, an inadvertent failure to provide adequate care or a negligent assessment of a medical condition do not establish the requisite culpable state of mind so as to violate the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In other words, Defendant may have underestimated the severity of Plaintiff's injury and risk of harm, but "misjudgment, even negligent misjudgment, is not deliberate indifference." *Ramos v. Patnaude*, 640 F.3d 485, 490 (1st Cir. 2011).

Moreover, at least one circuit court of appeals has stated that the second prong of a deliberate indifference claim requires showing not only "a purposeful act or failure to respond to a prisoner's pain or possible medical need," but also "harm caused by the indifference." *Peralta v. Dillard*, __ F.3d __, __, No. 09-55907, 2013 WL 57893, at *3 (9th Cir. Jan. 7, 2013) (quoting *Jett v. Penner*, 439 F.3d 1092, 1096 (9th Cir. 2006)). Plaintiff was treated promptly after his injury due to another officer's intervention. Thus, there was no harm caused by Defendant's failure to arrange for medical care.

## IV. Conclusion

Plaintiff has failed to show that Defendant had a sufficiently culpable state of mind. Consequently, the facts, as alleged, fail to state a plausible claim for relief under the Eighth Amendment. The complaint [Doc. #1, filed Jan. 15, 2013] is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim for which relief may be granted. An appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 11, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 11, 2013, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager